UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
348 37th STREET LLC,

           Plaintiff,

  -against-

LLOYD'S LONDON-BRIT GLOBAL
SPECIALTY USA on behalf of BRIT
SYNDICATE 2987,

           Defendant.
-------------------------------------------------x

<u>**MEMORANDUM AND ORDER**</u>

Case No. 19-cv-7155 (FB) (SMG)

*Appearances:*
*For the Plaintiffs*:
VINCENT GELARDI
800 Westchester Ave.
Suite S-608
Rye Brook, NY 10573

*For the Defendants*:
COURT COUSINS
29 Anita Ave.
Syosset, NY 11791

JARED GREISMAN
Kennedys Law LLP
120 Mountain View Blvd.
Basking Ridge, NJ 07920

MARCI GOLDSTEIN KOKALAS
Goldberg Segalla
1037 Raymond Blvd.
Suite 1010
Newark, NJ 07102

**BLOCK, Senior District Judge:**

      Plaintiff 348 37th Street LLC ("Plaintiff") brings this suit against its insurer

Lloyd's London - Brit Global Speciality USA ("Lloyd's London" or "Defendant")

1

for breach of contract and in pursuit of a declaratory judgment stating that Lloyd's London is required to indemnify Plaintiff for losses described below. Defendant has moved for summary judgment under Federal Rule of Civil Procedure ("FRCP") 56. For the reasons that follow, Lloyd's London's motion is granted and this case is dismissed.

## I. FACTS

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and supporting documentation. They are undisputed unless otherwise noted.

Plaintiff is the owner of a property located at 348 37th Street in Brooklyn, New York (the "Property"). During 2018, Plaintiff was engaged in a construction project at the Property that involved the partial demolition of an existing commercial structure and the construction of a commercial warehouse. Plaintiff had contracted with WSC Group, LLC ("WSC") to complete the construction project. In turn, WSC subcontracted portions of the project to other construction contractors.

On September 12, 2018, an accident occurred at the construction site. An existing retaining wall which measured 45 feet collapsed, striking and killing a construction worker. As a result of the incident, Plaintiff alleged that it suffered damages that were claimable under the commercial builder's risk insurance policy (the "Policy") that it had purchased from Lloyd's London. In relevant part, the Policy

2

provides coverage for "direct physical loss of or damage to Covered Property from any of Covered Causes of Loss," specifically losses resulting from construction activities, subject to exceptions provided by the Policy. Def.'s Mot. for Summ. J. at Ex. B, p. 19.

Plaintiff notified Lloyd's London about the incident and claimed coverage for its losses resulting from the accident. The parties do not dispute that the Policy was in effect during the time of the incident, nor that Plaintiff had timely paid its premiums. However, in June 2019, Lloyd's London issued a letter declining to cover Plaintiff's losses. Lloyd's London had conducted an investigation into the accident and resulting losses and found that coverage was precluded by two separate exclusions: (i) the Policy's exclusions for faulty, inadequate or defective workmanship or construction (the "faulty workmanship exception") and (ii) the exclusion for enforcement of or compliance with an ordinance or law (the "ordinance/law exception"). Following the denial of coverage, Plaintiff contested Lloyd's London's decision. When it continued to disclaim coverage, Plaintiff initiated this action in November 2019, seeking damages for breach of contract and a declaratory judgment stating that Lloyd's London must indemnify Plaintiff.

Notably, as a result of the accident, on October 2, 2020, New York State returned a lengthy criminal indictment against several individuals and entities involved in the construction project, including WSC and two of its subcontractors.

The indictment alleges that WSC failed to adequately support the wall that collapsed and that an engineering firm that inspected the wall, Bailey's Engineering PC ("Bailey's"), had failed to properly monitor construction. Subsequently, Plaintiff initiated an action against WSC and its subcontractors in the Supreme Court of the State of New York, Kings County (the "state court action"), attaching the indictment to its complaint.

Lloyd's London now moves for summary judgment, arguing that the aforementioned exclusions to coverage apply, and that judicial admissions that Plaintiff made in the state court action confirm that these exceptions apply. For the reasons that follow, the Court grants summary judgement for Lloyd's London.

### III.   DISCUSSION

On a motion for summary judgment, the court must "resolv[e] all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019) (*citing Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010)). Summary judgment is appropriate only if the pleadings, the discovery materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Lloyd's London first argues that the faulty workmanship exclusion bars coverage. The exclusion states:

4

> 3. We will not pay for loss or damage caused by or resulting from any of the following. But if loss or damage by a Covered Cause of Loss results, we will pay for the loss or damage caused by that Covered Cause of Loss.
> c. Faulty, inadequate or defective: […]
>> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction.

Def.'s Mot. for Summ. J. at Ex. B, p. 23.

"To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Continental Cas. Co. v. Rapid–American Corp.*, 80 N.Y.2d 640, 652 (1993). In New York, a faulty workmanship exception to construction insurance applies to work done by the insured, as well as work done on behalf of the insured, including contractors. *See Broome County v. The Travelers Indem. Co.*, 16 N.Y.S.3d 300, 303 (3rd Dep't 2015). Plaintiff does not contest that the faulty workmanship exception is clearly stated in the Policy. Therefore, Lloyd's London simply must show that the named exception applies in this case.

Lloyd's London supports its motion with affidavits from experts who state that the collapse of the wall resulted from defective and faulty workmanship conducted by WSC and other contractors acting on behalf of Plaintiff. Three of Lloyd's London's experts conducted an investigation both

5

at the scene of the construction project and by reviewing pertinent documents regarding the condition of the subsoil on site, the plans for demolition, and NYC Department of Buildings Violations and Office of Administrative Trials and Hearings summaries, among others. The defense experts found that the wall collapsed as a result of faulty and defective workmanship and the failure to properly monitor the site in violation of various governing codes, including the New York City Building Code.

Lloyd's London also points out that its experts' opinions are supported by the indictment returned against WSC, Bailey's, and others. The indictment states that WSC and Bailey's failed to provide adequate underpinning and shoring for the wall that collapsed, as is required by law, that they failed to adequately brace the wall, and that they over-excavated the ground below the underpinning for the wall, among other critical mistakes. The indictment alleges that WSC's principals had knowledge prior to the wall's collapse that it was moving and needed to be braced to prevent it from falling. Further, the indictment alleges that these principals had been notified by a neighbor of the property that her patio and garage had caved in, and that despite these warnings, WSC did not halt work or further brace the wall. Instead, they allowed construction to continue in a manner that further destabilized the wall.

6

Plaintiff's principal argument is that Lloyd's London's motion is premature because discovery has not been completed, despite it having commenced more than two years ago. Of course, if issues of material fact remain, summary judgment must be denied. Still, Rule 56 provides that a motion for summary judgment may be made at any time. *See* Fed. R. Civ. P. 56(b). The timing of the motion is a strategic decision made by the parties rather than a valid basis for denying summary judgement.

Even when construed in the light most favorable to Plaintiff, the ample facts presented support the conclusion that faulty work caused the accident, triggering the faulty workmanship exception and foreclosing Plaintiff's claims for breach of contract and a declaratory judgment. Although an indictment is not on its own accepted as judicial fact, that Plaintiff attached it as support for its complaint in the state court action against WSC constitutes an evidentiary admission. *See Hausler v. JP Morgan Chase Bank*, 127 F. Supp. 3d 17, 38 (S.D.N.Y. 2015) (holding that, depending upon the circumstances, statements made by a party in submissions to a court in a separate action may be treated as either a binding judicial admission or non-binding evidentiary admission).

"[W]hile research discloses no Second Circuit authority on point, the general rule seems to be that a judicial admission only binds the party that

7

makes it in the action in which it is made." *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004). Still, "a court may consider a judicial admission as evidence in another case." *Hausler* 127 F. Supp. 3d. at 37 (*quoting In re United Mine Workers of Am. Employee Ben. Plans Litig.*, 782 F. Supp. 658, 674 (D.D.C. 1992)). Here, the Plaintiff filed the indictment as support for its complaint in a separate suit, which means it is not a binding judicial admission. However, that the Plaintiff itself used it for support in a lawsuit initiated after this one, and for a position that cannot square with its position here, weighs toward the persuasiveness of the indictment as evidence.

    Plaintiff offers no rebuttal to this posture, which is of no surprise since doing so would necessarily undermine its position in its state court case. In fact, Plaintiff's assertions in its state court complaint support the position of Lloyd's London in this case, rather than its own. For example, Plaintiff alleges that WSC engages in unsafe construction practices which directly led to the accident, that WSC performed its work in a deficient and unsafe matter which caused the accident, and that it did not comply with legal and administrative requirements, violating regulations of the New York City Department of Buildings ("NYC DOB"), the New York City Environmental Control Board, and the Occupational Health and Safety Administration.

8

It would also be difficult to square Plaintiff's position in its state court action with its argument that the faulty workmanship exception does not apply, since Plaintiff makes no factual argument to the contrary. *See Hausler* 127 F. Supp. 3d at 38. Coupled with the other undisputed facts in this case, including the fact that WSC concealed from Plaintiff the fact that WSC's work failed to comply with various legal and regulatory requirements, WSC failed to follow approved engineering plans, and engaged in unsafe practices that ultimately led to the collapse of the wall, the court finds that there is no remaining dispute of material fact in this case that could result in finding against Lloyd's London.

Plaintiff's next argument, that the expert affidavits Defendant submitted should be disregarded because Plaintiff has not yet deposed these experts, also fails. Disclosure of expert testimony is governed by FRCP 26. Parties must disclose expert testimony at least 90 days before the date of trial, which has not been set in this case. *See* Fed. R. Civ. P. 26(a)(2)(D)(i); *Montefiore Medical Center v. American Protection Ins. Co.*, 226 F. Supp. 2d 470, 475 (S.D.N.Y. 2002). Therefore, the Plaintiff's argument that the Court should not consider the expert affidavits fails.

At oral argument and in its brief, Plaintiff also argued that regardless of whether the Court finds that the faulty workmanship or ordinance/law

9

exclusions apply, it should find that the Policy's ensuing loss exception to those exclusions applies. The ensuing loss exception is an escape valve for coverage for damage that results from faulty workmanship, for example, but is separate from the original damage and could not have been reasonably foreseen. *See R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264 (S.D.N.Y. 2013) (*quoting Platek v. Town of Hamburg*, 24 N.Y.3d 688, 695) ("'Ensuing loss' is a term of art in insurance law, and policies allowing for recovery of such loss 'provide[] coverage when, as a result of an excluded peril, a covered peril arises and causes damage.'"). However, none of the losses claimed by Plaintiff were separate from the original damage or unforeseeable—rather, they reflect fluctuations in the cost of labor and materials to repair the damage at the site, which flowed directly from the wall collapse and are a wholly foreseeable facet of the construction business.

Finally, the Court need not address the ordinance/law exception having already found ample grounds to dismiss this case on summary judgment based on the faulty workmanship exception. Nevertheless, it would find in the alternative that the ordinance/law exception also applies based on the

10

evidence on the record and for the same reasons it found that the faulty workmanship exception applies.[1]

## VII. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. The clerk of court is directed to close this case.

**SO ORDERED.**

                                                   _/S/ Frederic Block_____
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
December 16, 2022

---

[1] For example, based upon the indictment that Plaintiff submitted to the state court in support of its action there, and which is contained in Lloyd's London's Rule 56.1 Statement, WSC hired Bailey's to be its special engineering inspector in contravention of NYC DOB regulations, and Bailey's failed to notify the NYC DOB about the faulty conditions at the construction site, also in contravention of those regulations. The site's superintendent also failed to ensure the safety of the workers onsite to verify that WSC was following the excavation plans approved by the NYC DOB, again contravening NYC DOB regulations.